## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUSTIN PATRICK HAITOS, | :Civ. No. 1:24-CV-372 |
| | : |
| Petitioner, | : |
| | : |
| v. | : |
| | :(Chief Magistrate Judge Bloom) |
| MELISSA HAINSWORTH, et al., | : |
| | : |
| Respondent. | : |

## MEMORANDUM OPINION

### I.  Introduction

In 2018, the petitioner, Austin Haitos, was convicted of involuntary deviate sexual intercourse with an unconscious person and other related offenses after a jury trial in Lebanon County, Pennsylvania.  Haitos was found guilty of putting his penis in the victim's mouth without her consent while she was sleeping and was sentenced to four to ten years imprisonment.

In March of 2024, Haitos filed the instant petition for habeas corpus, challenging the state courts' denial of his post-conviction petition which alleged multiple claims of ineffective assistance of counsel.  After consideration, we conclude that Haitos' claims are meritless.  Accordingly, we will deny this petition.

II. __Background__

The factual background of the instant case was summarized by the Pennsylvania Superior Court in its decision affirming the denial of Haitos' petition for post-conviction relief:

> [O]n December 31, 2016, [Victim's] family held a New Year's Eve party at the family house ..., to which [Victim] and her four siblings had invited approximately forty to fifty friends. There was alcohol at the party and the house had been accommodated for the attendees to sleep over. While some attendees arrived earlier, most began to arrive between 9 P.M. and 9:30 P.M. [Victim] admitted that she had been drinking on the night of the party as well. [Victim] testified that attendees began to go to sleep or leave the party around 2:30 A.M.
>
> [Victim] went to sleep in the lower basement on a couch with a friend laying behind her. [Victim] then woke up and felt a penis being thrusted into her mouth. [Victim] did not see the face of the person who had inserted his penis into her mouth while she was asleep, but she saw his legs and she saw the person pull his pants up, turn around and begin rapidly walking away. [Victim] was able to identify the individual as Appellant from the unique outfit he was wearing the night of the party and from his unique gait. [Victim] has known Appellant most of her life and Appellant lived within walking distance of the family home. As Appellant was walking away, [Victim] called out after him to stop and come back, but Appellant continued to walk [a]way.[1]

---

[1] _Commonwealth v. Haitos_, 301 A.3d 881, 2023 WL 3848375, *1 (Pa. Super. Ct.) (unpublished table decision), _appeal denied,_ 308 A.3d 776 (Pa. 2023).

Haitos was convicted on all counts and sentenced to four to ten years in prison.[2]   The Pennsylvania Superior Court affirmed the conviction, and the Pennsylvania Supreme Court denied Haitos' petition for allowance of appeal in January of 2020.[3]

In January of 2021, Haitos filed a timely petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), raising four ineffective assistance of counsel claims.[4]   After a hearing, the PCRA court denied the petition.[5]   The Pennsylvania Superior Court affirmed the decision in June of 2023.[6]   The Pennsylvania Supreme Court denied Hatios' petition for allowance of appeal, exhausting his state court appeals.[7]   On March 1, 2024, Haitos filed the instant habeas petition.[8]

Hatios' amended habeas petition asserts that the state courts' denial of his ineffective assistance of counsel claims was an unreasonable

---

[2] Doc. 19 at 2.

[3] *Id.* at 2-3.

[4] *Id.* at 3-4.

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.*

[8] Doc. 1.

application of federal law.[9]  Respondents contend that the state courts'
denials conformed with the test established in *Strickland*[10] and were
based on a reasonable determination of the facts.[11]  After review of the
petition and the underlying state court record, we conclude that Haitos'
claims are without merit.  Accordingly, we will deny the petition.

## III.  Discussion

### A.  State Prisoner Habeas Relief – The Legal Standard

#### (1)  Substantive Standards

A state prisoner seeking federal habeas corpus relief must satisfy
the standards prescribed by 28 U.S.C. § 2254, which provides in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a
> district court shall entertain an application for a writ of
> habeas corpus in behalf of a person in custody pursuant to the
> judgment of a State court only on the ground that he is in
> custody in violation of the Constitution or laws or treaties of
> the United States.
>
> (b) (1) An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a State court
> shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the
> courts of the State;

---

[9] Doc. 19.

[10] *Strickland v. Washington*, 466 U.S. 688 (1984).

[11] Docs. 17, 26.

[. . .]

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.[12]

Section 2254 places a high threshold on the courts.  Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[13]  Thus, habeas relief may be granted in instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission consistent with the rudimentary demands of fair procedure."[14] Alleged violations of state law, standing alone, will not entitle a petitioner to Section 2254 relief, absent a showing that those violations amounted to constitutional violations.[15]

---

[12] 28 U.S.C. § 2254(a) and (b).

[13] 28 U.S.C. § 2254(a)

[14] *Reed v. Farley*, 512 U.S. 339, 348 (1994) (citations omitted).

[15] *See Priester v. Vaughan*, 382 F.3d 394, 401–02 (3d Cir. 2004).

### (2)  <u>Deference Owed to State Courts</u>

These same substantive principles also require courts to give deference to the factual findings and legal rulings of state courts during state criminal proceedings.   With respect to legal rulings on claims adjudicated on their merits, a habeas petitioner will not obtain relief absent a showing that the decision was either "(1) contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) was "based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[16]   Accordingly, federal courts frequently decline to substitute their legal judgments for the determinations of the state courts.[17]

In addition, Section 2254(e) provides that the determination of a factual issue by a state court is presumed to be correct unless the petitioner can show by clear and convincing evidence that this factual finding was erroneous.[18]  This presumption in favor of the correctness of

---

[16] 28 U.S.C. § 2254(d)(1)-(2).

[17] *Rice v. Collins*, 546 U.S. 333, 338–39 (2006); *see also Warren v. Kyler*, 422 F.3d 132, 139–40 (3d Cir. 2005); *Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002).

[18] 28 U.S.C. § 2254(e)(1).

state court factual findings has been extended to a host of factual findings made during criminal proceedings.[19]  This principle applies to state court factual findings made both by the trial court and state appellate courts.[20] Thus, we may not re-assess credibility determinations made by the state courts, and we must give equal deference to both the explicit and implicit factual findings made by the state courts.[21]  Accordingly, in a case such as this, where a state court judgment rests upon factual findings, it is well-settled that:

> A state court decision based on a factual determination, ..., will not be overturned on factual grounds unless it was objectively unreasonable in light of the evidence presented in the state proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003).  We must presume that the state court's determination of factual issues was correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 285 (3d Cir. 2000).[22]

---

[19] *See e.g., Maggio v. Fulford*, 462 U.S. 111, 117 (1983) (per curiam); *Demosthenes v. Baal*, 495 U.S. 731, 734–35 (1990) (per curiam).

[20] *Rolan v. Vaughn*, 445 F.3d 671, 680 (3d Cir. 2006).

[21] *Weeks v. Snyder*, 219 F.3d 245, 258 (3d Cir. 2000).

[22] *Rico v. Leftridge–Byrd*, 340 F.3d 178, 181 (3d Cir. 2003).

Applying this standard of review, federal courts may grant habeas relief when our review shows the state court findings of fact were unreasonable.[23]

### (3)  Ineffective Assistance of Counsel  Claims

These general principles apply with particular force to habeas petitions that assert claims of ineffective assistance of counsel.[24]   The Sixth Amendment to the United States Constitution guarantees the right of every criminal defendant to effective assistance of counsel.[25]   Under federal law, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet the two-part test established by the Supreme Court in *Strickland* in order to survive.[26]   Specifically, a petitioner must establish that: (1) the performance of counsel fell below an objective standard of reasonableness; and (2) that, but for counsel's errors, the result of the underlying proceeding would have been

---

[23] *Rolan*, 445 F.3d at 681.

[24] *Kimmelman v. Morrison*, 477 U.S. 365, 378 (1986).

[25] U.S. Const. amend. VI; *see also Gideon w. Wainwright*, 372 U.S. 335, 343 (1963).

[26] *Strickland*, 466 U.S. at 687.

different.[27]    A petitioner must satisfy both of the *Strickland* prongs in order to maintain a claim of ineffective counsel.[28]

*Strickland* requires a petitioner to "establish first that counsel's performance was deficient."[29]    This threshold showing requires a petitioner to demonstrate that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment.[30]    Additionally, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms.[31]    Generally, "[t]here is a 'strong presumption' that counsel's performance was reasonable."[32] "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

---

[27] *Id.* at 668, 687-88, 691-92.

[28] *George v. Sively*, 254 F.3d 438, 443 (3d Cir. 2001).

[29] *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001) (citing *Strickland*, 466 U.S. at 687–89).

[30] *Id.*

[31] *Id.*

[32] *Id.* (quoting *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996)).

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[33]

Under the second *Strickland* prong, a petitioner also "must demonstrate that he was prejudiced by counsel's errors."[34] This prejudice requirement compels the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[35] A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome."[36] Moreover,

> [I]n considering whether a petitioner suffered prejudice, "[t]he effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial: a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."[37]

Although sometimes couched in different language, the standard for evaluating claims of ineffectiveness under Pennsylvania law is

---

[33] *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 689).

[34] *Id.*

[35] *Id.*

[36] *Id.*

[37] *Rolan*, 445 F.3d at 682 (quoting *Strickland*, 466 U.S. at 696).

substantively consistent with the standard set forth in *Strickland*.[38] Accordingly, a federal court reviewing a claim of ineffectiveness of counsel brought in a Section 2254 petition may grant federal habeas relief if the petitioner can show that the state court's adjudication of his claim was an "unreasonable application" of *Strickland*.[39] To prevail under this standard, a petitioner must show that the state court's decision "cannot reasonably be justified under existing Supreme Court precedent."[40]

The Supreme Court has observed a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the

---

[38] *See Commonwealth v. Pierce*, 527 A.2d 973, 976–77 (Pa. 1987); *see also Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000) ("Here, the state appellate courts did not apply a rule of law that contradicts the Supreme Court's holding in *Strickland*. Accordingly, we find that the state appellate court's decision was not contrary to established Supreme Court precedent").

[39] *Billinger v. Cameron*, No. 08-321, 2010 WL 2632286, at *4 (W.D. Pa. May 13, 2010).

[40] *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 890 (3d Cir. 1999); *see also Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (where the state court's application of federal law is challenged, "the state court's decision must be shown to be not only erroneous, but objectively unreasonable") (internal citations and quotations omitted).

§ 2254(d)(1) standard."[41]   This doubly deferential standard of review applies with particular force to strategic judgments like those made by counsel in the instant case.   In this regard, the Court has held that attorney performance should be measured by "reasonableness under prevailing professional norms" and that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"[42] The Court has further explained that:

> Because of the difficulties inherent in making the evaluation, courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable personal assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.[43]

## B. The Petition Will Be Denied.

After consideration of Haitos' petition, we conclude that the state courts' determinations were neither contrary to clearly established

---

[41] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (noting that the review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of federal habeas").

[42] *Strickland*, 466 U.S. at 688, 690.

[43] *Id.* at 689.

federal law nor based on an unreasonable determination of the facts. Accordingly, we will deny Haitos' habeas petition.

### (1)  Inadequate Cross-Examination

Haitos' first claim asserts that his trial counsel was ineffective for failing to adequately cross-examine the victim.  He contends that his trial counsel failed to question the victim regarding her level of intoxication on the night of the assault and her conflicting statements as to how the assault occurred.

The PCRA court rejected this claim, noting that at the evidentiary hearing, Haitos' trial counsel testified that the victim was an "almost perfect witness" and that trial counsel did not want to risk alienating the jury by "attacking a witness that she considered very relatable and sympathetic."[44]  The Superior Court affirmed, finding that trial counsel cross-examined the victim and other witnesses regarding the victim's level of intoxication on the night of the assault and that the cross-examination of the victim was reasonable.[45]  The Superior Court also found that the decision to address the inconsistent statement during the

---

[44] Doc. 18-33 at 5.

[45] Doc. 18-38 at 4–5.

cross-examination of a witness rather than the victim was reasonable because that witness was the person who first spoke to the private investigator regarding the victim's allegedly inconsistent statements.[46]

We conclude that the state courts properly applied the test for ineffective assistance of counsel set forth in *Strickland* and therefore their legal determinations were not contrary to federal law.

We also hold the state courts' factual determinations were reasonable.  In finding that trial counsel's conduct did not fall below an objective standard of reasonableness, the PCRA court relied on trial counsel's testimony regarding the victim's demeanor as a witness.  The Superior Court affirmed, adding that it was reasonable for trial counsel to question a different witness regarding the victim's inconsistent statement because the witness was the one to speak with the private investigator regarding the victim's statements to him.[47]

Because the determinations of the state courts were neither contrary to law nor premised on unreasonable factual determinations, we must reject Haitos' request for relief on this ground.

---

[46] *Id.*

[47] Doc. 18-38 at 4.

## (2)  Failure to Object and Move for a Mistrial

Haitos next asserts that his trial counsel was ineffective for failing to request a limiting instruction for the testimony of witness Sarah Black. Ms. Black testified about an interaction with Haitos on the night of the assault, saying Haitos stroked her thigh under her dress without her consent and that she got up, walked away, and thought that Haitos was being a "dumb drunk kid."[48]  Haitos argues it is likely the jury improperly considered Ms. Black's testimony as evidence of his propensity to commit a sex crime and that failure to request a limiting instruction was unreasonable and caused prejudice.

The PCRA court rejected this claim, finding it was a reasonable trial strategy to avoid drawing attention to Ms. Black's testimony by not requesting a limiting instruction.[49]  During the PCRA hearing, trial counsel offered two reasons for not requesting the limiting instruction: (1) because she thought that the trial court had already been fair in excluding other testimony; and (2) because she did not want to draw

---

[48] Doc. 18-38 at 4.

[49] Doc. 18-33 at 6.

attention to Ms. Black's testimony regarding Haitos' behavior.[50]  The PCRA court disagreed with trial counsel's first reason, but concluded the second reason was a reasonable trial strategy and that her conduct did not fall below an objective standard of reasonableness.[51]  That court also found that a limiting instruction likely would not have changed the outcome of the trial based on a determination that the witness's testimony was not overly damaging to Haitos.[52]

The Superior Court was silent in regard to the exclusion of other evidence, but affirmed the decision of the PCRA court.[53]  It found that because Ms. Black's testimony was brief and not extraordinarily harmful, it was a reasonable strategic choice to avoid calling attention to the testimony with a limiting instruction.[54]  The court also pointed out that the witness's testimony was admissible for the purpose of showing that Haitos was acting for sexual gratification, and that it would be reasonable for counsel to conclude that an instruction "focusing the jury

---

[50] *Id.*

[51] *Id.*

[52] *Id.* at 6-7.

[53] Doc. 18-38 at 4.

[54] *Id.*

on viewing [Haitos'] inappropriate touching of [Ms. Black] could be more harmful than helpful" to Haitos.[55]

Haitos asserts that the state courts were unreasonable in their determination of facts because Ms. Black's testimony was not brief or a "fleeting fact" but inflammatory testimony, and that the prior bad act "compromised the entire purpose of her testimony."  Haitos cites to *Commonwealth v. Billa*, 555 A.2d 835 (Pa. 1989) to support this assertion.  In *Billa*, however, the court determined that a request for a limiting instruction was required where the testimony at issue consisted of a detailed and graphic account of a previous sexual assault committed by the defendant.[56]  Ms. Black's testimony is distinguishable because, as the state courts concluded, it was brief and described a short interaction that took place between herself and Haitos.[57]  We conclude this is a reasonable determination of fact, and accordingly, we will reject Haitos' request for relief on this ground.

---

[55] *Id.*

[56] *Commonwealth v. Billa*, 521 Pa. 168, 180 (Pa. 1989)

[57] Docs. 18-33 at 7 and 18-38 at 4.

### (3) <u>Failure to Object to the Commonwealth's Closing Argument and Move for a Mistrial</u>

Haitos' third claim alleges that his counsel was ineffective for failing to object to the Commonwealth's closing argument and move for a mistrial based on improper remarks by the prosecution during closing argument.

The PCRA court rejected this claim and found that the prosecution made a reasonable inference using witness testimony that Haitos was excessively touching his genitals after being told that he would be swabbed for DNA.[58]  That court also determined that any objection by trial counsel would have been without merit.[59]  The Superior Court affirmed.[60]  In determining that trial counsel did not fall below an objective standard of reasonableness, the state courts considered testimony from the officer that Haitos wiped and rubbed his genitals multiple times after being told that he was going to be swabbed for DNA, and that the rubbing was so excessive that the officer asked him to stop.[61]

---

[58] Doc. 18-33 at 9.

[59] *Id.*

[60] Doc. 18-38 at 5.

[61] Docs. 18-33 at 9 and 18-38 at 5.

We conclude these determinations were neither contrary to law nor based on an unreasonable determination of the facts. The state courts found that the closing arguments were not improper and that any objection to the closing argument would have been without merit. Under federal law, prosecutors are "entitled to considerable latitude in summation to argue the evidence and any reasonable inferences that can be drawn from that evidence."[62] The state courts' determinations that the prosecutor properly drew a reasonable inference based on the officer's testimony, and that trial counsel did not have any grounds for an objection, are not contrary to federal law. We also find that the state courts' factual determinations were reasonable based on their consideration of the officer's testimony. For all these reasons, we must reject Haitos' request for relief on this ground.

---

[62] *United States v. Werme*, 939 F.2d 108, 117 (3d Cir. 1991), *cert denied*, 502 U.S. 1092 (1992).

### (4)  Cumulative Effect

Haitos' final claim alleges that his Sixth Amendment right to effective assistance of counsel was violated by the cumulative effect of his trial counsel's errors.  He argues that the trial errors, in the aggregate, resulted in prejudice.

The cumulative effect of multiple errors may warrant habeas relief.[63]  "Cumulative errors are not harmless if they had a substantial and injurious effect or influence in determining the jury's verdict, which means that a habeas petitioner is not entitled to relief based on cumulative errors unless he can establish 'actual prejudice.'"[64]  But to find cumulative error "requires the existence of 'errors' to aggregate. Absent such errors by counsel, the cumulative error doctrine does not apply."[65]  As discussed above, all of Haitos' preceding arguments are without merit.  Therefore, there are no errors to accumulate, and so the claim of cumulative errors fails.

---

[63] *Marshal v. Hendricks*, 307 F.3d 36, 94 (3d Cir. 2002).

[64] *Albrecht v. Horn*, 485 F.3d 103, 139 (3d Cir. 2007) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

[65] *Aponte v. Eckard*, No. 15-561, 2016 WL 8201308, at *20 (E.D. Pa. June 3, 2016).

### (5)  Certificate of Appealability

Finally, we have *sua sponte* carefully considered whether Haitos is entitled to a certificate of appealability under 28 U.S.C. § 2253.  As the Supreme Court observed, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[66]  Here, we conclude that Haitos has made no such showing, nor can he in light of the state court findings.  Accordingly, a certificate of appealability will not issue in this case.

## IV.  Conclusion

For the foregoing reasons, the petitioner's petition for a writ of habeas corpus in this case will be DENIED, and a certificate of appealability will not issue.

An appropriate order follows.

Submitted this 9th day of October 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[66] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).